## COMMONWEALTH *vs.* JOHN LYNCH.

Middlesex. Nov. 24. — Dec. 1, 1884. FIELD, C. ALLEN, & COLBURN, JJ., absent.

The St. of 1882, *c.* 233, § 3, provided that " the town of Marlborough shall consti-
tute a judicial district under the jurisdiction of a court to be called the Police
Court of Marlborough." The record of proceedings upon a complaint to that
court stated that they were had " at the Police Court of Marlborough, in the
district of Marlborough, in the county of Middlesex, holden in said district."
*Held*, that the record showed sufficiently that the proceedings were within the
judicial district of the court.

COMPLAINT to the Police Court of Marlborough, for keeping
and maintaining a common nuisance, to wit, a certain tenement
in Marlborough used for the illegal sale and illegal keeping of
intoxicating liquors, on December 1, 1883, and on divers other
days and times between that day and February 20, 1884.

The record stated that the proceedings upon the complaint
were had " at the Police Court of Marlborough, in the district
of Marlborough, in the county of Middlesex, holden in said
district."

In the Superior Court, before the jury were empanelled,
the defendant filed a motion to quash the complaint, for the
following reasons : " 1. The Superior Court has no jurisdic-
tion. 2. It does not appear by the record in said case that, at
the trial of said complaint, said Police Court of Marlborough
was held within the town of Marlborough, or at any place within
its jurisdiction." *Bacon*, J., overruled the motion.

The jury returned a verdict of guilty; and the defendant
alleged exceptions.

*H. E. Fales*, for the defendant.

*H. N. Shepard*, Assistant Attorney General, for the Common-
wealth.

BY THE COURT. Under the statute, the town of Marlborough
constitutes a judicial district under the jurisdiction of the Police
Court of Marlborough. St. 1882, *c.* 233, § 3. The record states
that the proceedings in this case were had " at the Police Court
of Marlborough, in the district of Marlborough, in the county of
Middlesex, holden in said district." This sufficiently shows that

the proceedings were within the judicial district of the court, namely, in the town of Marlborough.   There is no defect in the record, and the Superior Court had appellate jurisdiction of the case.                    *Exceptions overruled.*